Jacob Alan Cooper v. State

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-539-CR

JACOB ALAN COOPER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 43RD DISTRICT COURT OF PARKER COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Jacob Alan Cooper appeals his four convictions for two counts of aggravated sexual assault of a child and two counts of indecency with a child by sexual contact.  In one point, Cooper argues that the trial court erred by failing to declare a mistrial after the State elicited improper hearsay testimony.  We will affirm.

II.  Factual and Procedural Background

After Cooper pleaded guilty to all four counts before the jury, the evidence elicited during the punishment phase demonstrated that Cooper sexually abused his ten-year-old step-daughter, C.C., on numerous occasions. C.C. testified that Cooper requested her to touch his genitals with her hand and her mouth and that Cooper touched her breasts and her genitals with his hand, his tongue, and his penis.  Cooper admitted during his testimony to all the details surrounding his abuse of C.C., including that he allowed C.C. to watch him have sex with her mother and to view pornographic books and movies with them.

The evidence also revealed that C.C.’s mother was usually present while Cooper sexually assaulted C.C. and that all three persons would frequently engage in sexual acts simultaneously.  C.C.’s mother testified that she agreed to involve her daughter in the sexual activities because she was afraid that Cooper would leave her if she did not keep his sexual interest.
(footnote: 2)  C.C. eventually told her school counselor of the abuse, and the counselor informed CPS.

After the jury heard from two expert sexual offender treatment providers regarding Cooper’s high risk for reoffending and his mental health issues, the jury assessed Cooper’s punishment at fifty-five years’ confinement for the two counts of aggravated sexual assault of a child and fifty years’ confinement for the two counts of indecency with a child by sexual contact and assessed a $10,000 fine for all four counts.  The trial court sentenced Cooper accordingly and granted the State’s request to run each of the sentences consecutively. This appeal followed.

III.  Trial Court Did Not Abuse Its Discretion By Failing to Declare Mistrial

During the trial, one expert testified as follows:

Q.  Going back for just a second to the comment that you made about the defendant involving the victim in sexual acts with his girlfriend, to what extent, if any, is it important that he would ejaculate on the child?

A.  I think that seems to be a fetish that he’s having throughout his sexual behavior.  Because the mother says he was doing the same thing with her.

[DEFENSE ATTORNEY]:  Judge, we’re going to object to hearsay.

THE COURT:  Sustained.

[DEFENSE ATTORNEY]:  Ask that you instruct the jury to disregard that answer.

THE COURT:  I will instruct the jury to disregard that answer.

[DEFENSE ATTORNEY]:  Move for mistrial.  Your Honor, in [sic] move for mistrial.

THE COURT:  Overruled.

. . . . 

Q. [PROSECUTOR:] You said that you believed that this was a fetish.  In your expert opinion, as a sex offender therapist and with the thousands of people that you have treated, what do you base that opinion on?

A.  I base that opinion on the fact that people who commit sexual offenses tend to have some out-of-the-norm deviant sexual interest that’s repeated over and over again.  And they derive quite a bit of pleasure from those behaviors.

Q.  From the fetish-type behavior?

A.  Exactly.

Q.  To what extent, if any, do fetishes such as that make a defendant or an offender, rather, be an increased risk?

A.  Statistically people who have fetishes have an increased risk.

Q.  And you talked about the fact that if you successfully complete treatment, you have a low risk to re-offend, correct?

A.  Correct.

In his sole point, Cooper argues that the trial court erred by failing to declare a mistrial after the State elicited the above allegedly improper hearsay testimony.  The State responds that the evidence at issue was admissible and that, in any event, the trial court’s prompt instruction to the jury to disregard the evidence was sufficient to cure or render harmless any resulting prejudice to Cooper.  We agree with the State.

A trial court’s decision to admit or exclude evidence is afforded a great deal of discretion.  
Montgomery v. State
, 810 S.W.2d 372, 378-79 (Tex. Crim. App. 1990).  Therefore, we review a trial court’s ruling on the admissibility of evidence under an abuse of discretion standard.  
Angleton v. State
, 971 S.W.2d 65, 67 (Tex. Crim. App. 1998).  If the trial court's evidentiary ruling is reasonably supported by the record and is correct under any theory of applicable law, we must uphold it—this is known as the “zone of reasonable disagreement” test.  
Montgomery
, 810 S.W.2d at 391 (op. on reh’g).  “The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred.”  
Id.
 at 380. Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.  
Tex. R. Evid.
 801(d).  Hearsay is inadmissible unless expressly excepted or excluded from the general rule by statute or the rules of evidence.  
Tex. R. Evid.
 802.  One exception to the general rule provides that an expert may base his opinion upon facts or data that are not admissible in evidence if they are of a type reasonably relied upon by experts in the particular field.  
See
 
Tex. R. Evid.
 703.  Thus, an expert’s opinion could be predicated solely on inadmissible hearsay if of a type reasonably relied upon by experts in that field of expertise.  
Ramirez v. State
, 815 S.W.2d 636, 651 (Tex. Crim. App. 1991).  Under Rule 705, an expert may disclose the facts or data underlying his opinion on direct examination and may be required to disclose such facts or data underlying his opinion on cross-examination. 
 
Tex. R. Evid.
 705(a).  Disclosing this information enables the jury to evaluate the expert’s opinion and ascertain the weight it wishes to attach to such testimony.  
Ramirez
, 815 S.W.2d at 651.

In this case, the expert’s testimony regarding the mother’s statement was clearly hearsay.  
See
 
Tex. R. Evid.
 801(d). A review of the record reveals that the expert relied on the mother’s testimony—as permitted by Texas Rule of Evidence 703—in determining that Cooper had a fetish, which is a factor that the expert considered in evaluating Cooper’s risk for reoffending.  
See Ramirez
, 815 S.W.2d at 651 (stating that psychiatric expert opinion testimony as to defendant’s future dangerousness may be given upon the following bases:  facts within his personal knowledge, assumed from common or judicial knowledge, or established by evidence).
  Consequently, the rules of evidence would have allowed the expert to disclose such inadmissible hearsay if asked on direct examination or cross-examination.  
See
 
Tex. R. Evid.
 705(a); 
Morris v. State
, 123 S.W.3d 425, 428 (Tex. App.—San Antonio 2003, pet. ref’d).  Thus, the hearsay statement was admissible.  

But the expert’s answer pertaining to Cooper’s engaging in this behavior with his wife was nonresponsive to the question posed by the prosecutor during direct examination.  As a result, the trial court properly sustained Cooper’s hearsay objection and instructed the jury to disregard. 
 
See Collins v. State
, 548 S.W.2d 368, 375-76 (Tex. Crim. App. 1976) (holding that harm, if any, as a result of nonresponsive hearsay answer of witness was cured by court's prompt action in sustaining objection and instructing jury to disregard answer), 
cert. denied
, 430 U.S. 959 (1977).  In light of the testimony from the victim, the mother, and Cooper himself, we cannot say that this is an instance in which it could be said that the expert’s testimony was clearly calculated to inflame the minds of the jury and thus incurable by the court's curative instruction.  
See Harris v. State
, 790 S.W.2d 568, 589 (Tex. Crim. App. 1989).  Therefore,  we hold that the trial court did not abuse its discretion by overruling Cooper’s request for a mistrial.  
See id. 
(holding that error, if any, was cured by trial court’s sustaining the objection and instructing jury to disregard).  We overrule Cooper’s sole point.

IV.  Conclusion

Having overruled Cooper’s sole point, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: WALKER, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: July 7, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The jury learned that C.C.’s mother also had been charged in connection with these events and had entered a plea agreement for two fifty-year sentences on the aggravated sexual assault charges and two twenty-year sentences on the indecency with a child charges.